RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10,20,05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| United States of America | Civil Action No. 6:01-1164 |
| versus | |
| Marvin Beaulieu, William Harrison, and Sylvia Mouton | Judge Tucker L. Melançon |

## MEMORANDUM RULING AND JUDGMENT

Before the Court is a Motion for Determination and Entry of Damages Against Defendants William Harrison and Sylvia Mouton filed by Plaintiff United States of America on behalf of its agency, the United States Small Business Administration, [Rec. Doc. 68], and Defendants', William Harrison and Sylvia Mouton, memorandum in opposition thereto. [Rec. Doc. 70].

The facts of this case are undisputed. The United States Small Business Administration ("SBA") initially filed a complaint and motion for receivership against SCDF Investment Corporation ("SCDF") in 1992 and entered into a settlement agreement in the matter on March 23, 1993. As SCDF could not meet the terms of the settlement, in 1994 it filed a Chapter 11, debtor in possession bankruptcy petition. The bankruptcy was subsequently dismissed by Order dated January 13,

1

1997 because SCDF could not get a plan of reorganization confirmed. Thereafter, SBA again filed a complaint and motion for receivership and on June 15, 1998 was appointed receiver of SCDF ("the Receiver") by order of this Court. Prior to SBA's subsequent motion for receivership and unbeknownst to SBA, in 1998, SCDF subordinated to Southern Development Foundation ("SDF") a first deed of trust on its real property ("the Port Gibson property"). The subordination led to SCDF's interest in the Port Gibson property being extinguished by virtue of a foreclosure. The subordination and ultimate foreclosure went unrecorded in the corporate records of SCDF and was withheld from SCDF's creditors through the time SBA was appointed Receiver of SCDF. Until the appointment of the Receiver, SCDF, first through Mouton and later through Harrison, continued to report on its financial statements and submissions that the Port Gibson property was an asset acquired and owned by SCDF. On June 25, 2001, the Receiver filed a Complaint against the defendants, Marvin Beaulieu, the former manager and President of SCDF until 1993, Sylvia Mouton, the former Chief Financial Officer of SCDF until 1993 and William Harrison, the former President of SCDF from 1994 through 1998, for breach of fiduciary duty, ultra vires acts and negligent misrepresentation stemming from the subordination and foreclosure of the Port Gibson property.

On August 19, 2002, plaintiff filed a motion for summary judgment moving the

Court to enter judgment in its favor. The Court granted plaintiff's motion on October 7, 2002 finding defendants jointly and severally liable for the total sum of $307,711.50. *R. 39.* Defendants, Sylvia Mouton and William Harrison, appealed the Court's ruling, and on November 4, 2003, the United States Court of Appeals for the Fifth Circuit issued a mandate vacating the damages award against defendants and remanding the case to this Court. On April 16, 2004, defendants filed a motion to dismiss, or in the alternative for summary judgment, contending that the Court should dismiss this action because on April 1, 2004, 18 days prior to the trial of this matter, plaintiff altered the theory of damages beyond the mandate of the Fifth Circuit. The Court denied defendants' motion and held that the damages as pled were general damages and "were the natural consequence of the offending acts of defendants." Thereafter, the Court ordered plaintiff to submit the instant motion for determination and entry of damages.

Plaintiff represents that the damages it suffered as a result of defendants' breaches of fiduciary duties and *ultra vires* acts in filing false financial statements total $639,794.00 on the part of defendant Sylvia Mouton and $395,114.00 on the part of defendant William Harrison. Plaintiff further represents that the damages are based on costs and expenses, including legal fees, auditing fees and management fees incurred by SCDF during its fruitless Chapter 11 bankruptcy, which plaintiff contends

3

SBA would have dismissed immediately had it known that SCDF subordinated and extinguished the Port Gibson mortgage. Plaintiff maintains that upon crediting each defendant with the amount equal to one year's worth of damages, the estimated amount of time it would have taken any dismissal of the bankruptcy action had SBA known of the subordination, plaintiff is entitled to damages from Sylvia Mouton in the amount of Four Hundred Eighty-eight Thousand Six Hundred Seven Dollars ($488,607.00) and damages from William Harrison in the amount of Two Hundred Ninety-one Thousand Eight Hundred Seventy Dollars ($291,870.00).

Defendants argue that plaintiff's assertion of damages is conjectural and speculative in that it is based on assumptions of what SBA and the bankruptcy judge would have done under the circumstances of the case. Defendants assert that plaintiff's complaint against them should be dismissed at plaintiff's costs.

In its opinion dated September 9, 2003, the United States Court of Appeals for the Fifth Circuit affirmed this Court's entry of summary judgment against defendants for *ultra vires* acts and breach of fiduciary duty in submitting false and/or fraudulent financial statements to SBA with respect to the Port Gibson property. *United States v. Beaulieu*, 75 F. 3d Appx. 249, 255 (5th Cir. 1993). The Fifth Circuit remanded the case to this Court for "proceedings consistent with this opinion." Thus, pursuant to the Fifth Circuit's mandate, the matter currently before the Court is the determination

4

of the amount of damages attributable to defendants Mouton and Harrison, individually.

The record contains the affidavit of Angela Wingard-Brusch, Senior Financial Analyst for the SBA from July, 1991 through February, 1999 and from October, 2000 to the present. Wingard-Brusch represents in her affidavit that in 1989, without the knowledge of SBA and prior to SBA filing its complaint and motion for receivership against SCDF, SCDF subordinated its interest in the Port Gibson property and SCDF's mortgage on the Port Gibson property was extinguished in February, 1992. Despite the subordination and extinction of the mortgage, SCDF continued to report financial statements to SBA indicating that it still had an interest in the Port Gibson property in 1992 and 1993 through its Chief Financial Officer, Mouton, and from 1994 to 1998 through Mouton, the President of SCDF. During the bankruptcy, in 1995, SCDF paid for an evaluation of SCDF's assets conducted by an outside party. The evaluation report, covering the period from October, 1994 through December, 1994, listed the Port Gibson property as one of SCDF's assets with a value of $337,400.00. SBA also reviewed with SCDF five plans of reorganization filed with the United State Bankruptcy Court for the Western District of Louisiana between August, 1994 and August, 1996, all of which listed Port Gibson as an asset. Shortly before the appointment of the Receiver in 1998, SCDF submitted a letter containing, among

other things, a schedule of outstanding loans and investments as of March 31, 1998. The letter listed the Port Gibson property as a asset.

In its memorandum for damages, SBA makes the following representations through the affidavit of Wingard-Brusch: (1) SBA would not have entered into a settlement agreement with SCDF in 1993 had it known of the Port Gibson mortgage subordination and extinguishment, which were in violation of the Bankruptcy Act and Regulations, but rather would have moved for receivership of SCDF in 1993 preventing SCDF's management from operating the company and collecting management fees in a Chapter 11 bankruptcy, and (2) even had SCDF filed for bankruptcy protection in response to a motion for receivership, SBA would have had the bankruptcy dismissed as a consequence of the conflict of interest the Port Gibson subordination represented and/or the showing of untrustworthiness of SCDF's management by its filing of false financial representations. *Aff. of Wingard-Brusch, ¶19, 20, 21.* SBA represents that either of these actions would have resulted in a savings of the monies and costs expended in the bankruptcy and would have eliminated the bankruptcy management fees. *Id. at ¶20.*

Plaintiff's Calculation of Damages Chart provides that the damages calculations against Mouton uses August, 1993 as a starting date, crediting Mouton with the nine months it took the Court to rule on the motion and another three months

for the time it would have taken SBA to prepare and file its motion for receivership. *Id., Exh. A, SCDFIC-Calculation of Damages.* The ending date in the damages' calculations for Mouton is April, 1998, the last month pre-receivership expenses were incurred by SCDF. *Id.* As to the damages calculations against Harrison, plaintiff uses the bankruptcy-related fees incurred from December, 1995 to April, 1998, as well as expenses incurred by SCDF's pre-receivership management and offsets those amounts with the same time periods credited to Mouton. *Id.*

Based on the record before the Court, including the Court's prior ruling on summary judgment as well as the Fifth Circuit's ruling and mandate in the appeal of this matter, the Court finds that the foregoing expenses were incurred by plaintiff as a result of defendants' breaches of fiduciary duty and ultra vires acts in filing false financial statements to the SBA and/or to the United States Bankruptcy Court for the Western District of Louisiana, from 1992 through 1998. Accordingly,

IT IS ORDERED that the Motion for Determination and Entry of Damages Against Defendants William Harrison and Sylvia Mouton filed by the United States of America on behalf of its Agency, the United States Small Business Administration, [Rec. Doc. 68], is GRANTED and plaintiff is entitled to damages against defendant Sylvia Mouton in the amount of Four Hundred Eighty-eight Thousand Six Hundred Seven Dollars and No Cents ($488,607.00) and against defendant William Harrison

in the amount of Two Hundred Ninety-one Thousand Eight Hundred Seventy Dollars and No Cents ($291,870.00).

Thus done and signed this 19th day of October, 2005 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge

COPY SENT
DATE 10/21/05
BY ___
TO ___

8